

IN THE
TENTH COURT OF APPEALS

No. 10-12-00352-CR

ANDRES FRANCISCO MENDIETA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-197-C1

MEMORANDUM OPINION

Andres Francisco Mendieta pled guilty to the offense of driving while intoxicated, enhanced to a second degree felony. TEX. PENAL CODE ANN. §§ 49.04; 49.09(b)(2); 12.42(a) (West Supp. 2012). Punishment was tried to a jury and was assessed at 15 years in prison. Mendieta appeals.

Mendieta's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Mendieta was informed of his right to submit a brief or other response on his own behalf and he did so. However,

we review a pro se brief or other response solely to determine if there are any arguable grounds for appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008). The State did not file a response.

Counsel asserts in the *Anders* brief that counsel has extensively reviewed the record and finds that no non-frivolous issues exist. Counsel specifically discusses the sufficiency of the indictment; adverse rulings on motions, if any; adverse rulings on trial objections, if any; adverse rulings on post-trial motions, if any; potential jury selection error; potential jury instruction error; sufficiency of the evidence; potential sentencing error; the voluntariness of Mendieta's guilty plea; and other potential procedural error. Counsel concludes that there are no non-frivolous issues to assert on appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Mendieta asserts several issues for our review: that his punishment was excessive; that he was not driving the vehicle when it was stopped; that his plea was involuntary; that the State used blood evidence from a 2011 incident; and that his trial counsel was ineffective for the failure to communicate with him. The range of punishment for a second degree felony is imprisonment for a term of not more than 20

years or less than 2 years. TEX. PENAL CODE ANN. § 12.33(a) (West 2011). After pleading guilty and true to two prior convictions for driving while intoxicated, those occurring in 2001 and 2004, the jury sentenced Mendieta to 15 years in prison. The video of the stop introduced into evidence shows that Mendieta was the only occupant of the vehicle when it was stopped. Further, nothing in the record suggests that Mendieta's plea was involuntary or that his attorney failed to communicate with him. And finally, the blood evidence introduced was related to the offense for which Mendieta was on trial and was taken from Mendieta pursuant to a warrant.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief, Mendieta's response, and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Mendieta wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Mendieta is granted. Counsel is permitted to withdraw from representing Mendieta. Additionally, counsel must send Mendieta a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Motion to withdraw granted
Opinion delivered and filed July 18, 2013
Do not publish
[CR25]